IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

RED RIVER VALLEY SUGARBEET )
GROWERS ASSOCIATION, ET AL. )
 )
 Petitioners, )
 ) No. 22-1422
 v. )
 )
MICHAEL S. REGAN, Administrator, )
U.S. Environmental Protection Agency, )
ET AL., )
 )
 Respondents. )
_____)

**Respondents' Opposition to Petitioners' Motion for Relief
Under the All Writs Act and to Expedite Appeal**

1

Petitioners' Motion for Relief Under the All Writs Act is procedurally improper under the Federal Rules of Appellate Procedure that govern petitions for a writ. Specifically, Federal Rule of Appellate Procedure 21(c) requires those seeking "an extraordinary writ" other than a petition for a writ of mandamus or prohibition to file a petition for a writ. Petitioners in this case failed to do so. Under Rule 21(b), responses to petitions for a writ are to be filed only once the Court orders them. Petitioners cannot use motions practice as an end-run around this procedural requirement. Accordingly, in compliance with Rule 21(b), EPA will not fully respond to Petitioners' Motion for Relief Under the All Writs Act until ordered to do so by the Court.

For now, however, EPA notes that the Motion for Relief also suffers from another threshold defect because the Court lacks jurisdiction under the All Writs Act to grant the extraordinary relief of halting EPA's ongoing administrative cancellation proceedings under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31 (2002) ("[T]he All Writs Act authorizes writs 'in aid of the courts' respective jurisdictions' without providing any federal subject-matter jurisdiction in its own right."). The Petition for Review currently before the Court challenges EPA's revocation of chlorpyrifos tolerances under the Federal Food, Drug, and Cosmetic Act ("FFDCA"), which authorizes EPA to establish tolerances reflecting safe

2

levels of pesticide residues on our nation's food supply, 21 U.S.C. § 346a(b)(2)(A). EPA issued the revocation in response to an order of the United States Court of Appeals for the Ninth Circuit. *See League of United Latin Am. Citizens v. Regan*, 996 F.3d 673, 703–04 (9th Cir. 2021) (*"LULAC II"*). FIFRA is a separate statute that authorizes EPA to regulate the sale, distribution, and use of pesticides through a registration (or licensing) regime. 7 U.S.C. § 136a(a), (c).

EPA subsequently initiated separate FIFRA proceedings to cancel chlorpyrifos registrations in light of its order revoking the FFDCA tolerances, which the Ninth Circuit ordered EPA to do "in a timely fashion." *See LULAC II*, 996 F.3d at 704. FIFRA has its own judicial review provision, which is limited to final orders. 7 U.S.C. § 136n(b) ("In the case of actual controversy as to the validity of any order issued by the Administrator following a public hearing, any person who will be adversely affected by such order . . . may obtain judicial review by filing in the United States court of appeals for the circuit . . . ). This Court's jurisdiction over the pending Petition for Review is limited to EPA's order concerning the rule revoking tolerances under the FFDCA, 21 U.S.C. § 346a(h)(1), and therefore does not extend to EPA's ongoing administrative cancellation proceedings under FIFRA. Because the All Writs Act "is not an independent grant of appellate jurisdiction" and cannot be used to evade the jurisdictional parameters

3

established by FIFRA, the Court should deny Petitioners' Motion for Relief on that basis alone. *See Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999).

Nor may the All Writs Act serve as a vehicle to short-circuit the established process for the review of cancellation orders under FIFRA. This is because the All Writs Act "does not authorize [federal courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). To the contrary, "where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Syngenta Crop Prot., Inc.*, 537 U.S. at 32. Petitioners in this case have additional process available to them under FIFRA. Specifically, any administrative decision granting cancellation may be appealed to or independently reviewed by the Environmental Appeals Board. 40 C.F.R. § 164.101. Petitioners also may seek review of any final cancellation order in a court of appeals. 7 U.S.C. §§ 136d(h), 136n(b). Because FIFRA provides Petitioners with these additional avenues for review of any cancellation decision, the All Writs Act is inapplicable, and the Court should reject their request to intervene in EPA's ongoing administrative proceedings.

In short, Petitioners' Motion for Relief is merely an attempt to undo EPA's revocation of tolerances under the FFDCA; Petitioners' Petition for Review on that issue is pending before the Court, and Petitioners must wait for the Court's

4

decision.[1] Petitioners' Motion for Relief is procedurally improper, and EPA will not respond until ordered to so by the Court. In any event, the Court should deny Petitioners' Motion for Relief without a response from EPA because the Court lacks jurisdiction over EPA's ongoing administrative FIFRA cancellation proceedings, and the All Writs Act cannot be used as a tool to evade FIFRA's process for judicial review of EPA's administrative actions.

---

[1] EPA takes no position on Petitioners' request to expedite a decision on their pending Petition for Review.

Respectfully submitted,

TODD KIM
*Assistant Attorney General*

/s/ *Laura Glickman*
LAURA GLICKMAN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7411
Washington, D.C. 20044
(202) 514-6390
Fax: (202) 514-8865
laura.glickman@usdoj.gov

Of Counsel:

ANGELA HUSKEY
FORREST PITTMAN
*Attorneys*
U.S. Environmental Protection Agency

September 18, 2023

/s/ *Joshua M. Jones*
SAYLER A. FLEMING
*United States Attorney*
JOSHUA M. JONES, # 61988MO
*Assistant United States Attorney*
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
(314) 539-2310
Fax: (314) 539-2287
joshua.m.jones@usdoj.gov

6

# CERTIFICATE OF COMPLIANCE

1.	This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 821 words.

2.	This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *Laura Glickman*
LAURA GLICKMAN
Counsel for Respondents

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2023, a true and accurate copy of the foregoing Respondents' Opposition to Petitioners' Motion for Relief Under the All Writs Act and to Expedite Appeal was electronically filed with the United States Court of Appeals for the Eighth Circuit. An original and 3 copies will be filed as required by Federal Rule of Appellate Procedure 27(d)(3).

September 18, 2023

>/s/ *Laura Glickman*
>LAURA GLICKMAN
>Counsel for Respondents